UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

BARBARA LOGAN                                                                                    PLAINTIFF

v.                                                                          CIVIL ACTION NO. 3:09CV-844-S

ERMC III PROPERTY MANAGEMENT
COMPANY OF ILLINOIS, LLC, et al.                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, IPC International Corporation ("IPC"), for summary judgment in this action arising from a slip and fall occurring at the Mall St. Matthews in Louisville, Kentucky.

The plaintiff, Barbara Logan, claims that she was injured on February 15, 2009 when she slipped and fell on food allegedly dropped by another mall customer. Logan has filed suit against:

(1) ERMC III Property Management Company of Illinois, LLC ("ERMC")

(2) MSM Property, LLC ("MSM")

(3) General Growth Properties Limited Partnership ("GGP")

(4) General Growth Management, Inc. ("GGM")

(5) IPC International Corporation ("IPC")

According to the Complaint, MSM was the "Titled Owner" of the Mall St. Matthews. The General Growth entities (GGP and GGM) purportedly operated the Mall[1]. ERMC was allegedly the housekeeping contractor and IPC the security contractor for the Mall.

IPC has moved for summary judgment on the ground that, as a security contractor, housekeeping and maintenance were not within the scope of IPC's responsibilities at the Mall. In support of this contention, IPC offers the deposition testimony of David Jones, Associate Operations Manager for GGP who testified that he "oversee[s] the security people." Jones depo, p. 6. With respect to the performance of security responsibilities, Jones offered the following:

> Q: To your knowledge, back in February of last year when Ms. Logan fell did IPC have any formal duties that were set out anywhere in terms of policing the area for trash or foreign objects?
>
> A: None that I know of. I believe when they're trained in their initial training that they know if they run across a piece of paper on the interior to pick it up; if they have an object, food or whatever, if it's something they can pick up without contaminating themselves to pick it up, if it's a wet spill they're supposed to stand by and notify housekeeping until housekeeping gets there to clean it...
>
> Q: Do they have any specific duty to go around and actively look for those types of things?
>
> A: No, but, I mean, they're walking through the mall and if they see it they're supposed to pick it up.

Jones depo., pp. 13-14.

IPC urges that it can have no liability because the premises owners hired a separate housekeeping contractor, ERMC, to maintain the property free from hazardous conditions such as food spills. Based on the evidence presented, IPC's security duties did not include the duty to

---

[1] Employee David Jones, Associate Operations Manager, testified that he was employed by "General Growth Properties, which owns Mall St. Matthews." Jones depo., p. 4. The precise relationships between MSM, GGP and GGM is unclear from the information presently before the court. However, the entities relevant to this motion are ERMC and IPC.

discover and remedy such conditions. However, IPC personnel were required to take certain action, according to their training, with respect to trash and spills which they encountered during the course of performing their other security functions.

The parties do not discuss the events surrounding Logan's alleged fall. The present motion is limited to the premise that IPC cannot be held liable under any set of facts. Whether Logan can establish that any IPC employee knew of the alleged food spill in issue and failed to take appropriate steps under the circumstances remains an open question. However, Jones' testimony belies the contention that remediation of any and all food spills was wholly outside of IPC's zone of responsibility.

Therefore, for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, IPC International Corporation, for summary judgment (DN 85) is **DENIED.**

**IT IS SO ORDERED.**

January 9, 2012

**Charles R. Simpson III, Judge**
**United States District Court**