

**FILED**
VANESSA L. ARMSTRONG, CLERK

MAR 0 8 2013

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

BARBARA LOGAN                                                            PLAINTIFF

v.                                                      CIVIL ACTION NO. 3:09-CV-844-S

ERMC PROPERTY MANAGEMENT
COMPANY OF ILLINOIS, LLC, *et al.*                                       DEFENDANTS

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

Now that you have heard all of the evidence, and the argument of the attorneys, it is my duty to give you instructions as to the law applicable in this case.

It is your duty as jurors to follow the law as stated in the instructions, and to apply that law to the facts you find from the evidence.

You are not to single out one instruction alone as stating the law. You must consider the instructions as a whole.

You are not to be concerned with the wisdom of any rule of law stated by the court. You must apply the law given in these instructions whether you agree with it or not.

This case should be considered and decided by you as an action between persons of equal standing in the community, holding the same or similar stations in life. A corporation is entitled to the same fair trial at your hands as an individual.

It is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and

the exhibits admitted in the record. It is your own interpretation and recollection of the evidence that controls.

You are permitted to draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which you feel are justified in the light of your own common sense.

In saying that you must consider all the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness, and the weight to be given to the testimony of each witness.

In determining the credibility of any witness, you may properly consider the demeanor of the witness while testifying, frankness or lack of it, and his or her interest in the outcome of the case, if any.

When knowledge of a specialized subject matter may be helpful to the jury, a person having training or experience in the field is permitted to state an opinion. Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

The statements, objections, and arguments made by the lawyers are not evidence. What the lawyers have said to you is not binding upon you.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You should be guided in your deliberations by the quality and credibility of the evidence you have heard.

In these instructions, I will refer to MSM Property, LLC d/b/a Mall St. Matthews as "The Mall" and to ERMC III Property Management Company of Illinois, LLC and IPC International Corporation as "ERMC" and "IPC," respectively, rather than repeating their names in full.

It was the duty of The Mall to exercise ordinary care to maintain its premises in a reasonably safe condition for the use of the public, including the Plaintiff, Barbara Logan. Although The Mall is permitted to contract with others to perform its duties, it ultimately remains responsible to the public to exercise ordinary care to maintain its premises in a reasonably safe condition.

In order to find for Barbara Logan, you must be satisfied from the evidence that The Mall's premises were not in a reasonably safe condition for public use because there was a foreign substance located on the floor that caused Barbara Logan to fall and suffer injuries. Otherwise, you will find for The Mall.

Even if you find that The Mall's premises were not in a reasonably safe condition for public use, if you are also satisfied from the evidence that The Mall did not know of, and in the exercise of ordinary care would not have discovered, the presence of the foreign substance in sufficient time to have removed it or warned Barbara Logan of its presence before she fell, then you will find for The Mall.

"Ordinary care," as used in these instructions, means that degree of care which ordinarily reasonable and prudent persons and businesses would exercise under like or similar circumstances to those concerning which you have heard evidence.

You will record your verdict on Verdict Form A. If you find for Barbara Logan on Verdict Form A, then you will proceed to the next instruction. If you find for The Mall, you will end your deliberations and return to the courtroom.

If you have found for Barbara Logan on Verdict Form A, then you must determine from the evidence, without regard to fault, what sum or sums of money you believe will fairly and reasonably compensate her for such injury you believe she sustained as a direct result of the accident. Barbara Logan seeks the following damages:

1. Medical expenses not to exceed $132,976.92.

2. Past lost wages not to exceed $66,448.74.

3. Future lost wages not to exceed $77,341.25.

4. Past and future pain and suffering, both physical and mental, not to exceed $450,000.00.

You will indicate your finding as to damages, if any, on Verdict Form B, and proceed to the next instruction.

Barbara Logan also had the duty to exercise ordinary care for her own safety. If you are satisfied from the evidence that Barbara Logan failed to comply with her duty to exercise ordinary care for her own safety, and that such failure on her own part was a substantial factor in causing her injuries, then you will determine from the evidence what percentage of total fault was attributable to Barbara Logan and what percentage of fault was attributable to The Mall, acting through its own employees and those of ERMC and IPC.

In determining the percentage of fault attributable to each party, you should consider both the nature of the conduct of each party and the extent of the causal relationship between that conduct and the damages claimed. The total percentage of fault attributed to Barbara Logan and to the Mall must equal 100%.

You will indicate your finding as to the percentage of fault attributable to Barbara Logan and to the Mall on Verdict Form C.

Your verdicts must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdicts must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

During your deliberations, you must not discuss this case with anyone outside the jury, or provide anyone outside the jury with any information about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, BlackBerry, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I have accepted your verdict.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will speak for you here in court.

Forms of verdicts have been prepared for your convenience.

When you have reached unanimous agreement as to your verdicts, you will have your foreperson fill in, date and sign the forms. Then, you will return with your verdicts to the courtroom.

## VERDICT FORM A

| United States District Court | District<br>Western District of Kentucky |
|---|---|
| Case Title<br><br>BARBARA LOGAN<br><br>v.<br><br>ERMC PROPERTY MANAGEMENT COMPANY OF ILLINOIS, LLC, *et al.* | Docket No.<br><br><br>CIVIL ACTION NO. 3:09-CV-844-S |

WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND AS FOLLOWS:

       For Barbara Logan   _____

       For The Mall   _____

| Foreperson's Signature | Date |
|---|---|
| | |

**VERDICT FORM B**

| United States District Court | District<br>Western District of Kentucky |
|---|---|
| Case Title<br><br>BARBARA LOGAN<br><br>v.<br><br>ERMC PROPERTY MANAGEMENT COMPANY OF ILLINOIS, LLC, *et al.* | Docket No.<br><br><br>CIVIL ACTION NO. 3:09-CV-844-S |

WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND DAMAGES AS FOLLOWS:

1. Medical expenses.     $_____
   (Not to exceed $132,976.92)

2. Past lost wages.     $_____
   (Not to exceed $66,448.74)

3. Future lost wages.     $_____
   (Not to exceed $77,341.25)

4. Past and future pain and suffering, both physical and mental.     $_____
   (Not to exceed $450,000.00)

**TOTAL**     $_____
(Not to exceed $726,766.91)

Foreperson's Signature     Date

## VERDICT FORM C

| United States District Court | District: Western District of Kentucky |
|---|---|
| Case Title: BARBARA LOGAN v. ERMC PROPERTY MANAGEMENT COMPANY OF ILLINOIS, LLC, et al. | Docket No.: CIVIL ACTION NO. 3:09-CV-844-S |

WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE APPORTION FAULT AS FOLLOWS:

Barbara Logan    _____%

The Mall         _____%

TOTAL            100 %

| Foreperson's Signature | Date |
|---|---|
| | |